No. 2017-1645

# United States Court of Appeals
## FOR THE FEDERAL CIRCUIT

MYLAN INSTITUTIONAL LLC and
APICORE US LLC,

Plaintiffs-Appellees,

v.

AUROBINDO PHARMA LTD.,
AUROBINDO PHARMA USA INC., and
AUROMEDICS PHARMA LLC,

Defendants-Appellants.

Appeal from the United States District Court for the Eastern District
of Texas in Case No. 2:16-CV-00491, Judge Robert W. Schroeder

**CORRECTED PLAINTIFFS-APPELLEES' OPPOSITION
TO DEFENDANTS-APPELLANTS' MOTION TO EXPEDITE APPEAL**

**[NON-CONFIDENTIAL VERSION]**

David S. Steuer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Nicole W. Stafford
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746
(512) 338-5400

**Attorneys for Plaintiff-Appellee**
**Mylan Institutional LLC**

Allen F. Gardner
Gillam & Smith, LLP
102 N. College Avenue
Suite 800
Tyler, Texas 75702
(903) 503-7413

**Attorneys for Plaintiff-Appellee**
**Apicore US LLC**

March 15, 2017

## **TABLE OF CONTENTS**

I. INTRODUCTION .........................................................................1

II. BACKGROUND .........................................................................1

III. ARGUMENT...............................................................................3

   A. Aurobindo Failed to Self-Expedite Its Appeal...................3

   B. Aurobindo Has Demonstrated No Good Cause Warranting
     Expedited Review ...........................................................5

IV. CONCLUSION............................................................................9

## **STATEMENT OF CONFIDENTIAL INFORMATION**

Pursuant to Federal Circuit Rule 27(m)(2)(B), the confidential information omitted on **page 8** concerns financial information identified as highly confidential business information by Appellants.  The total number of words redacted is **2**.

# TABLE OF AUTHORITIES

## CASES

*Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1506 (Dkt. No. 24) (Fed. Cir. July 19, 2012)....................................................................4

*Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792 (Fed. Cir. 1990) ...............................................................................................7

*Broadcom Corp. v. Emulex Corp.*, No. 2012-1309 (Dkt. No. 15) (Fed. Cir. Apr. 26, 2012)..................................................................4

*Eurand, Inc. v. Impax Labs., Inc. (In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.)*, No. 2012-1280 (Dkt. No. 33) (Fed. Cir. Apr. 30, 2012) ........................4

*High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301 (Fed. Cir. 2013)....................................................................................5

*Medeva Pharma Suisse A.G. v. Par Pharm., Inc.*, 430 F. App'x 878 (Fed. Cir. 2011).......................................................................3

*Merial Ltd. v. Velcera, Inc.*, No. 2012-1505 (Dkt. No. 25) (Fed. Cir. Aug. 10, 2012) ...................................................................4

*Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368 (Fed. Cir. 2006) ........................8

*Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995 (Fed. Cir. 1986) ........................7

## RULES

FED. CIR. R. 27 ......................................................................................3, 5

FED. CIR. R. 31(a)(2) .................................................................................5

FED. R. APP. P. 2.....................................................................................5, 6

FED. R. APP. P. 27(a)(2)(B)(i) .....................................................................7

Federal Rule of Appellate Procedure 27(d)(1)(E) .....................................11

Federal Rule of Appellate Procedure 27(d)(2)(A).....................................11

## MISCELLANEOUS

16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3948 (4th ed. 2008).......................................................6

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Appellee Mylan Institutional LLC certifies the following:

1.     The full name of every part or amicus represented by me is:

**Mylan Institutional LLC**

2.     The name of the real party in interest (If the party named in the caption is not the real party in interest) represented by me is:

**N/A**

3.     All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

Mylan Institutional LLC is a wholly owned subsidiary of Mylan Inc.

Mylan Inc. is indirectly wholly owned by Mylan N.V., a publicly held company.

Abbott Laboratories, a publicly held company, owns more than 10% of Mylan N.V.'s stock through wholly-owned subsidiaries.

4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

| LAW FIRM | COUNSEL |
|---|---|
| Wilson Sonsini Goodrich & Rosati | David S. Steuer |
| | Nicole W. Stafford |
| | Aden M. Allen |
| | Sami Sedghani |
| | Anna Phillips |
| | Adam Burrowbridge |
| | Gina H. Cremona |
| Gillam & Smith | Melissa Smith |

March 15, 2017

*/s/ David S. Steuer*

David S. Steuer
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304
Tel: (650) 320-4855
Fax: (650) 493-6811
Email dsteuer@wsgr.com

*Counsel for Plaintiff-Appellee*
*Mylan Institutional LLC*

**CERTIFICATE OF INTEREST**

Counsel for Appellee Apicore US LLC certifies the following:

1.    The full name of every party or amicus represented by me is:

   **Apicore US LLC**

2.    The name of the real party in interest (If the party named in the caption is not the real party in interest) represented by me is:

   **N/A**

3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   Apicore US LLC is a wholly owned subsidiary of Apicore Inc.

   As of December 2016, Medicure Inc. of Canada, a publicly held company, owns more than 10% of the shares of Apicore Inc.

4.    The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

| LAW FIRM | COUNSEL |
|---|---|
| Sharma DeYoung LLP | David J. Galluzzo<br>Himanshu Rajan Sharma<br>Joanna Garelick Goldstein |
| Gillam & Smith | Melissa Smith<br>Allen F. Gardner |

Dated: March 15, 2017

*/s/: Allen F. Gardner*
Allen F. Gardner
Gillam & Smith
102 N. College, Suite 800
Tyler, Texas 75702
Tel: 903.503.7413
Fax: 903.934.9257
Email: allen@gillamsmithlaw.com

*Counsel for Plaintiff-Appellee*
*Apicore US LLC*

## I.    INTRODUCTION

Plaintiffs-Appellees Mylan Institutional LLC and Apicore US LLC (collectively, "Mylan") oppose Defendants-Appellants' Aurobindo Pharma Ltd., Aurobindo Pharma USA Inc., and AuroMedics Pharma LLC (collectively, "Aurobindo") Emergency Motion to Expedite Appeal ("Mot."). (Dkt. No. 7.) Aurobindo petitions this Court to depart from its standard practice; the Court should decline the invitation. First, Aurobindo has shown little interest in self-expediting its appeal. It would be unfair for the Court to give Mylan less briefing time to effectuate what Aurobindo could have accomplished alone had it been diligent. The resulting prejudice to Mylan's ability to effectively present its case will be particularly acute given that Aurobindo has indicated that it will raise at least four independent issues on appeal. Second, Aurobindo fails to show that good cause exists to warrant an expedited briefing schedule. Aurobindo's claims of irreparable harm are unsubstantiated and thus unpersuasive. And, its public interest argument is the same one that it already raised and that the district court has twice properly rejected. For each of these reasons, the Court should deny Aurobindo's motion and afford Mylan the full time permitted by this Court's rules to respond.

## II.    BACKGROUND

On November 21, 2016, Magistrate Judge Payne issued a Report and

Recommendation ("R&R") in which he recommended that Aurobindo "be enjoined from manufacturing, selling or offering for sale, using, or importing [its isosulfan blue] product within the United States." (Mot. Ex. C at 52.) On February 7, 2017 the district court adopted Judge Payne's R&R in its entirety. (Mot. Ex. B.) If Aurobindo was immediately and irreparably harmed by the order, it could have begun drafting its appeal as soon as the order issued. Instead, Aurobindo made the strategic decision to pursue a stay of the preliminary injunction pending appeal. The district court denied Aurobindo's stay motion on February 22, 2017. (Dkt. No. 10, Add. F.) Two days later, in response to evidence that Aurobindo was flooding the market with its infringing product before the preliminary injunction was formally entered, (*see* Mot. Ex. A at 2), the district court ordered Aurobindo to be immediately enjoined. (*Id.* at 3.) Mylan, with Aurobindo's agreement, posted a $24.75 million bond. (Ex.[1] 1.)

In the midst of these district court proceedings, Aurobindo filed its Notice of Appeal on February 10, 2017. (Dkt. No. 10, Add. A.) On February 27, 2017, more than two weeks later, Aurobindo filed the instant "emergency motion." Aurobindo's proposed schedule would cut Mylan's response time from 40 days to 14 days. (*See* Mot. at 5.) In contrast, Aurobindo proposes its own due date be

---

[1] All exhibits are attached to the Stafford Declaration filed concurrently hereto.

March 6, 2017, giving itself 27 days to respond to the district court's preliminary injunction order.  (*Id.*)

## III.  ARGUMENT

### A.  Aurobindo Failed to Self-Expedite Its Appeal

Aurobindo's purported "emergency" was largely caused by the manner in which it has proceeded with this appeal.  As an initial matter, Aurobindo was inattentive in filing the instant motion.  This Court's rules state that "[a] motion for expedited proceedings . . . should be filed *immediately* upon filing of an appeal or petition for review."  FED. CIR. R. 27, Practice Notes (Dec. 1, 2016) (emphasis added).  Aurobindo filed its Notice of Appeal on February 10, 2017, but—in direct contravention of the Court's rules—waited until February 27, 2017 to file the instant motion to expedite the appeal.  Aurobindo should not be rewarded for its 17-day delay in seeking purported "emergency" relief, and Mylan should be afforded a full and fair opportunity to address the merits of Aurobindo's appeal.

Furthermore, Aurobindo has shown only sporadic interest in proceeding quickly with its appeal.  Even without a Court-ordered expedited appeal, Aurobindo has the ability to self-expedite.  The Court has repeatedly made clear than an appellant may file its own briefs early if it so chooses, thus accelerating the time to decision.  *See, e.g.*, *Medeva Pharma Suisse A.G. v. Par Pharm., Inc.*, 430 F. App'x 878, 880 (Fed. Cir. 2011) ("Par may of course significantly self-expedite

the case by filing its briefs early.").

In this case, the district court adopted the R&R recommending an injunction on February 7, 2017. Aurobindo filed its Notice of Appeal on February 10, 2017, and could have filed its opening appeal brief as soon as the appeal was docketed on February 17, 2017. Instead, Aurobindo chose to file the instant motion, suggesting that its opening brief be due on March 6, 2017—more than two weeks after the date the appeal was docketed. It would be incongruous to require Mylan to expedite its own briefing when Aurobindo is failing to do the same.[2] Indeed, had Aurobindo filed its Notice of Appeal immediately upon receiving the district court's order, this Court may have docketed the appeal by February 14, 2017. Therefore, if Aurobindo had filed its opening brief on that date, under the Court's standard schedule, Mylan's brief would have been due 40 days later on March 27, 2017. This response date is just a week later than the March 20, 2017 date Aurobindo proposed in its expedited schedule. Therefore, Aurobindo's Motion seems to be motivated more by litigation strategy than "emergency." Moreover,

---

[2] This Court has repeatedly denied emergency motions to expedite appeals from injunctions where an appellant fails to avail itself of the opportunity to self-expedite its appeal. *See, e.g.*, *Eurand, Inc. v. Impax Labs., Inc. (In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.)*, No. 2012-1280 (Dkt. No. 33) (Fed. Cir. Apr. 30, 2012); *Merial Ltd. v. Velcera, Inc.*, No. 2012-1505 (Dkt. No. 25) (Fed. Cir. Aug. 10, 2012); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 2012-1506 (Dkt. No. 24) (Fed. Cir. July 19, 2012); *Broadcom Corp. v. Emulex Corp.*, No. 2012-1309 (Dkt. No. 15) (Fed. Cir. Apr. 26, 2012).

given that Aurobindo has proposed that the Joint Appendix be due by March 29, 2017, Aurobindo could have made up most of this difference by self-expediting the filing of its reply brief and the Joint Appendix. In short, the parties could have finished briefing by roughly the same time in late March that Aurobindo now proposes, had Aurobindo simply proceeded more diligently with its appeal.[3]

## B. Aurobindo Has Demonstrated No Good Cause Warranting Expedited Review

In typical Federal Circuit proceedings, the appellee is given 40 days to respond to an appellant's brief. *See* FED. CIR. R. 31(a)(2). For "good cause" the Court may depart from this standard and order expedited briefing. FED. R. APP. P. 2; *cf. High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) ("When assessing whether good cause has been shown, the primary consideration is whether the moving party can demonstrate diligence.") (citation and internal quotations omitted). However, this option is reserved for exceptional cases. *See* FED. CIR. R. 27, Practice Notes ("[M]otions to expedite proceedings are

---

[3] In addition to the unfairness inherent in expediting Mylan's briefing schedule from 40 to 14 days while Aurobindo fails to self-expedite, the circumstances of the appeal only heighten potential prejudice. Aurobindo does not appeal specific aspects of the preliminary injunction, but to the proceedings in their entirety. (*See* Dkt. No. 6.) As such, Aurobindo could ask this Court to evaluate every aspect of the preliminary injunction, and in fact has already indicated that it intends to raise *at least* four issues on appeal. (*See* Dkt. No. 10, at 6-17 (proposing to appeal (1) infringement of two patents; (2) invalidity of a third patent; (3) causal nexus; and (4) irreparable harm).)

not routinely granted."); *see also* 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3948 (4th ed. 2008) (noting that using Rule 2 to justify expediting an appeal is appropriate in "extraordinary situations").

Aurobindo offers two arguments to justify its request for extraordinary relief. First, Aurobindo contends that "the injunction is going to rapidly dismantle Aurobindo's hard-earned market position." (Mot. at 3.) Second, Aurobindo argues that "the injunction will deny the public the benefits of legitimate competition for a long period." (*Id.* at 4.) Neither argument constitutes a showing of good cause to deviate from the Court's standard briefing schedule.[4]

Aurobindo devotes a mere three sentences of attorney argument to its market position claim. Specifically, Aurobindo argues that the injunction will "rapidly dismantle Aurobindo's hard-earned market position," cause "devastating" harm, and "wipe out in one fell swoop the business and relationships that Aurobindo has assiduously built"—which market position was of course established via patent infringement. (Mot. at 3-4.) Aurobindo fails to offer any basis for these assertions. Moreover, this Court has already rejected the relevance of the

---

[4] As a possible third reason, Aurobindo asserts that "resolution of the appeal in an expedited manner is [sic] the interest of both parties." (Mot. at 4.) To support this proposition Aurobindo further states "Mylan argued in the district court that *it* will be irreparably harmed if Aurobindo is not preliminarily enjoined." (*Id.* (emphasis in original).) Currently, however, Aurobindo *is* enjoined. As such, Aurobindo's argument is illogical.

purported harm Aurobindo complains of. *See Windsurfing Int'l, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986) ("One who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected."). Aurobindo's argument is also inconsistent with its recent pronouncement to its customers that it "is confident of returning to the market as soon as this litigation is resolved." (Ex. 3 at Ex. F.)

Consequently, Aurobindo fails to identify any specific harm if Mylan is afforded the standard 40 days to respond rather than the 14 days proposed by Aurobindo. Aurobindo failed to substantiate its claims of alleged harm with declarations or any other evidence. And, Aurobindo cannot later fix that omission. *See* FED. R. APP. P. 27(a)(2)(B)(i) ("Any affidavit or other paper necessary to support a motion must be served and filed with the motion."); *Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 800 (Fed. Cir. 1990) ("[A]n issue not raised by an appellant in its opening brief . . . is waived."). In fact, the only purported support Aurobindo offers in conjunction with its motion—three of the district court's opinions—cuts against its own position. Specifically, the district court *twice* determined that any harm an injunction might cause Aurobindo did not outweigh the need for an injunction. (*See* Mot. Exs. B at 3, C at 50-51.) Moreover, the district court also later decided that the purported harm still was

-7-

*Confidential Material Redacted*

insufficient to warrant a stay of the injunction pending appeal. (*See* Dkt. No. 10, Add. F at 1.)  Further, even if Aurobindo had alleged a specific harm—which it did not—that potential harm has already been fully addressed by the $24.75 million bond. [5,6]

Aurobindo's claim that an expedited briefing schedule is in the public's interest is no more persuasive.  Aurobindo touts the generic notion that the public has an interest in a competitive marketplace.  But, Aurobindo fails to recognize that this proposition inherently assumes that Aurobindo's competing product is non-infringing, and ignores the fact that there is also a strong public interest in the enforcement of patents.  *See Sanofi-Synthelabo v. Apotex, Inc.*, 470 F.3d 1368, 1383-84 (Fed. Cir. 2006) (acknowledging the "significant public interest in encouraging investment in drug development and protecting the exclusionary rights conveyed in valid pharmaceutical patents").  Furthermore, the district court considered Aurobindo's "public interest" argument ***twice***, and each time found that

---

[5] As the parties' correspondence with each other demonstrates, Aurobindo contemplated its potential damages through trial and projected losses for breaching failure to supply provisions when they offered their proposed bond amount. (*See* Ex. 2.)

[6] Moreover, any claim of harm that Aurobindo might make would be blunted by the fact that before formal entry of the preliminary injunction, and in just four days, it has flooded the market with almost four months' worth of inventory totaling ███████ dollars. (*See* Ex. 3.)

Mylan's exclusionary right outweighed Aurobindo's pleas for increased competition. (*See* Mot. Ex. C at 51; Dkt. No. 10, Add. F at 1.) Thus, Aurobindo's public interest argument is unavailing to show good cause to expedite this appeal.

## IV.    CONCLUSION

In sum, Mylan respectfully asks the Court to deny Aurobindo's Motion to Expedite and allow Mylan the standard 40 days to respond to Aurobindo's opening brief.

Dated: March 15, 2017                  Respectfully Submitted,

*/s/: David S. Steuer*
David S. Steuer
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Nicole W. Stafford
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746
(512) 338-5400

**Attorneys for Plaintiff-Appellee**
**Mylan Institutional LLC**

Allen F. Gardner
Gillam & Smith, LLP
102 N. College Avenue
Suite 800

Tyler, Texas 75702
(903) 503-7413

**Attorneys for Plaintiff-Appellee
Apicore US LLC**

No. 2017-1645

# United States Court of Appeals
## FOR THE FEDERAL CIRCUIT

MYLAN INSTITUTIONAL LLC and
APICORE US LLC,

Plaintiffs-Appellees,

v.

AUROBINDO PHARMA LTD.,
AUROBINDO PHARMA USA INC., and
AUROMEDICS PHARMA LLC,

Defendants-Appellants.

Appeal from the United States District Court for the Eastern District
of Texas in Case No. 2:16-CV-00491, Judge Robert W. Schroeder

## DECLARATION OF NICOLE W. STAFFORD
## IN SUPPORT OF PLAINTIFFS-APPELLEES' OPPOSITION TO
## DEFENDANTS-APPELLANTS' MOTION TO EXPEDITE APPEAL

David S. Steuer (Lead Counsel)
Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

Nicole W. Stafford
Wilson Sonsini Goodrich & Rosati
900 South Capital of Texas Hwy
Las Cimas IV, Fifth Floor
Austin, TX 78746
(512) 338-5400

**Attorneys for Plaintiff-Appellee**
**Mylan Institutional LLC**

Allen F. Gardner
Gillam & Smith, LLP
102 N. College Avenue
Suite 800
Tyler, Texas 75702
(903) 503-7413

**Attorneys for Plaintiff-Appellee**
**Apicore US LLC**

I, NICOLE W. STAFFORD, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.       I have been admitted to this Court and I am an attorney at the law firm Wilson Sonsini Goodrich & Rosati, P.C., counsel for Plaintiff-Appellee Mylan Institutional LLC. I submit this declaration in support of Plaintiffs-Appellees' Mylan Institutional LLC and Apicore US LLC (collectively, "Mylan") Opposition to Defendants-Appellants' Aurobindo Pharma Ltd., Aurobindo Pharma USA Inc., and AuroMedics Pharma LLC (collectively, "Aurobindo") Emergency Motion to Expedite Appeal.

2.       Attached as Exhibit 1 to this Declaration is a true and correct copy of the Preliminary Injunction Bond in *Mylan Institutional LLC v. Aurobindo Pharma Ltd.*, No. 2:16-cv-491 (E.D. Tex. 2016) [hereinafter the District Court Litigation].

3.       Attached as Exhibit 2 to this Declaration is a true and correct copy of e-mail correspondence between counsel for Mylan and Aurobindo from January 20, 2017 to February 7, 2017 containing discussion of the preliminary injunction bond. The exhibit contains confidential business information as designated in the protective order in the District Court Litigation. Exhibit 2 has been redacted in its entirety to protect such confidential information.

4.       Attached as Exhibit 3 to this Declaration is a true and correct copy of Mylan's Notice of Supplement to Mylan's Emergency Motion to Expedite Entry of

a Preliminary Injunction in the District Court Litigation, and the accompanying exhibits. The exhibit contains confidential business information as designated in the protective order in that case. Exhibit 3 has been redacted in its entirety to protect such confidential information.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on March 3, 2017                    */s/ Nicole W. Stafford*
                                             Nicole W. Stafford

EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

Bond No. 019056418

MYLAN INSTITUTIONAL LLC and
APICORE US LLC

            Plaintiffs,

       v.

AUROBINDO PHARMA LTD.,
AUROBINDO PHARMA USA INC., and
AUROMEDICS PHARMA LLC

            Defendants.

Civil Action No.: 2:16-cv-491-RWS-RSP

**Jury Trial Demanded**

**CONFIDENTIAL**
**FILED UNDER SEAL**

## PRELIMINARY INJUNCTION BOND

Pursuant to Federal Rule of Civil Procedure 65(c), plaintiffs Mylan Institutional LLC

("Mylan") and Apicore US LLC ("Apicore") (collectively "Plaintiffs") hereby file this Bond.

On February 7, 2017, this court granted Plaintiffs' Motion for Preliminary Injunction

against defendants Aurobindo Pharma Ltd. ("Aurobindo Ltd"), Aurobindo Pharma USA Inc.

("Aurobindo USA"), and AuroMedics Pharma LLC's ("AuroMedics"), (collectively

"Defendants"), conditioned upon Plaintiffs' submission of an adequate injunction bond.

If the preliminary injunction is later dissolved as wrongfully issued, the undersigned

Plaintiffs, as principals, and Liberty Mutual Insurance Company (NAIC #23043) ("Surety"),

as surety, a corporation organized and existing under the laws of the State of Massachusetts

and authorized to transact the business of surety in the State of Texas, in consideration of the

preliminary injunction, do hereby undertake and promise that they will pay all costs and

disbursements that may be decreed by the Court to Defendants and the damage that

Defendants may sustain by reason of the preliminary injunction, it if be deemed by the Court

to be wrongful or without sufficient cause, in an amount not exceeding the sum of

$24,750,000, said sum being the amount of the security this Honorable Court deems proper for issuance of the preliminary injunction.

This bond is conditioned as follows: The Surety is subject to the damages and costs that may be awarded against Plaintiffs up to the amount of this bond if Defendants are found to have been wrongfully enjoined or restrained.

Plaintiff Mylan Institutional LLC

By: _Matthew E Erich_
Title: _President of NA VBrazil_

Liberty Mutual Insurance Company
By: _____
David W. Morgan
Its Attorney-in-Fact as Surety

THIS POWER OF ATTORNEY IS NOT VALID UNLESS IT IS PRINTED ON RED BACKGROUND.

This Power of Attorney limits the acts of those named herein, and they have no authority to bind the Company except in the manner and to the extent herein stated.

Certificate No. 7592432

# FILED

Liberty Mutual Insurance Company

The Ohio Casualty Insurance Company          West American Insurance Company

JAN 17 2017

Clerk, U.S. District Court
Texas Eastern

# POWER OF ATTORNEY

KNOWN ALL PERSONS BY THESE PRESENTS: That The Ohio Casualty Insurance Company is a corporation duly organized under the laws of the State of New Hampshire, that Liberty Mutual Insurance Company is a corporation duly organized under the laws of the State of Massachusetts, and West American Insurance Company is a corporation duly organized under the laws of the State of Indiana (herein collectively called the "Companies"), pursuant to and by authority herein set forth, does hereby name, constitute and appoint,

**Candace Reynolds, Brian A Smith, Andrew P Clark, Kevin Claborn, Todd Tschantz, David W Morgan, M. Ross McCormick**

all residing in Collin County, state of Texas          each individually if there be more than one named, its true and lawful attorney-in-fact to make, execute, seal, acknowledge and deliver, for and on its behalf as surety and as its act and deed, any and all undertakings, bonds, recognizances and other surety obligations, in pursuance of these presents and shall be as binding upon the Companies as if they have been duly signed by the president and attested by the secretary of the Companies in their own proper persons.

That this power is made and executed pursuant to and by authority of the following By-law and Authorization:

ARTICLE XIII - Execution of Contracts: Section 5. Surety Bonds and Undertakings.
Any officer of the Company authorized for that purpose in writing by the chairman or the president, and subject to such limitations as the chairman or the president may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Company by their signature and execution of any such instruments and to attach thereto the seal of the Company. When so executed such instruments shall be as binding as if signed by the president and attested by the secretary.

ARTICLE IV – OFFICERS – Section 12. Power of Attorney. Any officer or other official of the Corporation authorized for that purpose in writing by the Chairman or the President, and subject to such limitation as the Chairman or the President may prescribe, shall appoint such attorneys-in-fact, as may be necessary to act in behalf of the Corporation to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations. Such attorneys-in-fact, subject to the limitations set forth in their respective powers of attorney, shall have full power to bind the Corporation by their signature and execution of any such instruments and to attach thereto the seal of the Corporation. When so executed, such instruments shall be as binding as if signed by the President and attested to by the Secretary. Any power or authority granted to any representative or attorney-in-fact under the provisions of this article may be revoked at any time by the Board, the Chairman, the President or by the officer or officers granting such power or authority.

By the following instrument the chairman or the president has authorized the officer or other official named therein to appoint attorneys-in-fact:

Pursuant to the Company By-laws,  James G. Tressel , Assistant Secretary, is hereby authorized to appoint such attorneys-in-fact as may be necessary to act in behalf of the Company to make, execute, seal, acknowledge and deliver as surety any and all undertakings, bonds, recognizances and other surety obligations.

That the By-law and the Authorization set forth above are true copies thereof and are now in full force and effect.

IN WITNESS WHEREOF, this Power of Attorney has been subscribed by an authorized officer or official of the Companies and the corporate seals of the Companies have been affixed thereto this  12th  day of January ,  2017 .

    

The Ohio Casualty Insurance Company
Liberty Mutual Insurance Company
West American Insurance Company

By: _James G. Tressel_
James G. Tressel, Assistant Secretary

STATE OF Pennsylvania  ss
COUNTY OF Montgomery

On this  12th  day of January ,  2017 , before me personally appeared James G. Tressel, who acknowledged himself to be the Assistant Secretary of Liberty Mutual Insurance Company, The Ohio Casualty Company, and West American Insurance Company, and that she knows the seal of said Companies; and that she executed the above Power of Attorney and affixed the corporate seal of the Companies hereto with the authority and at the direction of said Companies.

IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my notarial seal at King of Prussia, Pennsylvania on the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Heather B. Kind, Notary Public
Upper Merion Twp., Montgomery County
My Commission Expires Sept. 9, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

By: _Heather B. Kind_
Heather B. Kind, Notary Public

To confirm the validity of this Power of Attorney call 1-610-832-8240 between 9:00 am and 4:30 pm EST on any business day.

LMS_12875_092016

Approved: _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2
# Withheld

**Confidential – Business or Technical
Information Subject to Protective Order**

# EXHIBIT 3
# Withheld

**Confidential – Business or Technical Information Subject to Protective Order**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE MOTIONS OR BRIEFS CONTAINING MATERIAL SUBJECT TO A PROTECTIVE ORDER

**Motion / Response / Reply** Containing Material Subject to a Protective Order

☑ This motion, response, reply complies with the limitations set forth in Fed. Cir. R. 27(m) and contains [*state the number of*] 2_____ words (including numbers) marked as confidential, or

☐ This motion, response, reply does not comply with the word count limitations set forth in Fed. Cir. R. 27(m) and a motion requesting permission to exceed the maximum word count limitation is being filed contemporaneously with the filing of this motion, response, or reply.

---

**Briefs** Containing Material Subject to a Protective Order

☐ This brief complies with the limitations set forth in Fed. Cir. R. 28(d) and contains [*state the number of*] _____ words (including numbers) marked as confidential, or

☐ This brief does not comply with the word count limitations set forth in Fed. Cir. R. 28(d) and a motion is requesting permission to exceed the maximum word count limitation is being filed contemporaneously with the filing of this brief.

---

_____/s/ David S. Steuer_____
(Signature of Attorney)

_____David S. Steuer_____
(Name of Attorney)

_____Appellee_____
(State whether representing appellant, appellee, etc.)

____March 15, 2017___
(Date)

# CERTIFICATE OF COMPLIANCE

The response complies with the word-count limitation of Federal Rule of Appellate Procedure 27(d)(2)(A).  The body of the response contains 2045 words according to the word processing software used to prepare it.

The document complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E).  It has been prepared in a proportionally spaced typeface using Microsoft Word 2010 using 14-point Times New Roman Font.

March 15, 2017                     */s/: David S. Steuer*
                                   David S. Steuer
                                   Wilson Sonsini Goodrich & Rosati
                                   650 Page Mill Road
                                   Palo Alto, CA 94304
                                   (650) 493-9300

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Corrected Opposition of Plaintiffs-Appellees Mylan Institutional LLC and Apicore US LLC (confidential and non-confidential versions) was electronically filed through the appellate CM/ECF system with the Clerk of the Court.  I further certify that all parties required to be served have been served via CM/ECF notice of the non-confidential version and by sending the confidential copies to:

> Sailesh K. Patel, Attorney
> Schiff Hardin LLP
> 233 S Wacker Drive
> Sears Tower, Suite 6600
> Chicago, IL 60606
> 312-258-5698
> Email: spatel@schiffhardin.com

via e-mail on this date.


March 15, 2017                                    */s/ David S. Steuer*
                                                 David S. Steuer
                                                 Wilson Sonsini Goodrich & Rosati
                                                 650 Page Mill Road
                                                 Palo Alto, CA 94304
                                                 (650) 493-9300